THE STATE OF OHIO, APPELLEE, *v*. PALMER, APPELLANT.

[Cite as *State v. Palmer,* 131 Ohio St.3d 278, 2012-Ohio-580.]

*Criminal law—Registration of sex offenders—Petition process of R.C. 2950.031(E) and 2950.032(E)—Dismissal of indictment when statute cannot apply to accused.*

(No. 2010-1660—Submitted November 1, 2011—Decided February 21, 2012.)

APPEAL from the Court of Appeals for Franklin County,

Nos. 09AP-956 and 09AP-957, 2010-Ohio-2421.

_____

SYLLABUS OF THE COURT

1.  *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, did not invalidate the petition process for challenging a sex-offender classification under R.C. 2950.031(E) and 2950.032(E).

2.  A trial court may dismiss an indictment for violations of R.C. Chapter 2950 when it determines that the chapter's regulations do not apply to the accused.

_____

**MCGEE BROWN, J.**

{¶ 1}  This appeal draws us to two procedural questions that linger after our decisions in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, and *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, each of which invalidated certain aspects of the Adam Walsh Act.

{¶ 2}  First, we review whether our decision in *Bodyke* invalidated the statutory petition process for challenging a classification under the Adam Walsh Act.  It did not.  *Bodyke* invalidated the *re*classification provisions of the Adam Walsh Act because they violated Ohio's separation-of-powers doctrine.

However, because separation of powers implicates more than one branch of government, it is not at issue in the petition process, which involves only the judiciary and survives *Bodyke.*

{¶ 3} Second, we address whether a trial court may dismiss an indictment alleging violations of the Adam Walsh Act. Crim.R. 12 authorizes pretrial dismissal of defective indictments, and after *Williams*, duties under the Adam Walsh Act may not be imposed retroactively. When a trial court faces an indictment based on the retroactive application of the Adam Walsh Act, the law not only allows but indeed demands dismissal.

{¶ 4} Because the decision below is inconsistent with these holdings, we reverse and remand.

*Facts and Procedural History*

{¶ 5} Paul Palmer pleaded guilty to sexual battery in 1995. Upon conviction, he served an 18-month prison sentence for that offense.

{¶ 6} Since Palmer's conviction, Ohio's sex-offender laws have changed dramatically. *See Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, at ¶ 3–28 (detailing the General Assembly's efforts to strengthen Ohio's sex-offender laws). Palmer was not subject to Ohio's first comprehensive sex-offender regulations, enacted as Megan's Law in 1996. Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601. The regulations did not apply to offenders who, like Palmer, completed their sex-offense prison sentences before July 1, 1997. Former R.C. 2950.04(A), *id.* at 2609; *see also State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, ¶ 13.

{¶ 7} Unlike Megan's Law, however, the Adam Walsh Act of 2007 sweepingly applied to sex offenders regardless of when their offenses occurred. 2007 Am.Sub.S.B. No. 10; scope language appears in multiple provisions, *e.g.*, R.C. 2950.04(A)(2). Based on Palmer's 1995 sexual-battery conviction, the Adam Walsh Act automatically imposed a Tier III sex-offender classification.

R.C. 2950.01(G)(1)(a). Tier III is the most restrictive category of R.C. Chapter 2950. It requires registration with authorities every 90 days for life as well as a number of community-notification obligations under R.C. 2950.11. R.C. 2950.07(B)(1) and 2950.06(B)(3).

{¶ 8} The instant appeal stems from two related actions below. First, after Palmer learned about his classification under the Adam Walsh Act, he petitioned the trial court under R.C. 2950.031(E) (entitling classified sex offenders to "a court hearing to contest the application to the offender * * * of the new registration requirements under Chapter 2950. of the Revised Code"). At the same time, Palmer moved to stay enforcement of the community-notification provisions of R.C. 2950.11 while the court reviewed his petition. The trial court granted the stay of community-notification requirements. It also stayed Palmer's petition pending this court's review of the constitutionality of the Adam Walsh Act.

{¶ 9} Second, before the trial court ruled on the petition, a Franklin County grand jury indicted Palmer for violating his registration requirements under the Adam Walsh Act. The indictment alleged that Palmer had failed to provide notice of a change of address under R.C. 2950.05 and that he had failed to verify his current address under R.C. 2950.06. Based on Palmer's original conviction, these offenses constituted third-degree felonies. R.C. 2950.99(A)(1)(a)(ii).

{¶ 10} Palmer moved to dismiss the indictment. He also moved for immediate disposition of his petition challenging the classification. The trial court ruled that Ohio's sex-offender regulations did not apply to Palmer and granted his motion to dismiss the indictment. Additionally, the trial court ordered the removal of Palmer's name from any "local, state or federal" lists of sex offenders.

**{¶ 11}** On appeal, the Tenth District Court of Appeals reversed. As a preliminary matter, the Tenth District concluded that the trial court exceeded its authority when it dismissed the indictment because it looked to "evidence outside the face of the indictment" and "address[ed] the very issue to be determined at trial." 2010-Ohio-2421, 2010 WL 2171662, at ¶ 15. Additionally, the Tenth District held the dismissal erroneous in light of the Adam Walsh Act's explicit retroactivity. *Id.* at ¶ 23, citing R.C. 2950.04(A)(2). Finally, the appellate court reversed the trial court order requiring Palmer's removal from lists of sex offenders because the order stemmed from the erroneous determination that the requirements of the Adam Walsh Act did not apply to Palmer. *Id.* at ¶ 25.

**{¶ 12}** We accepted discretionary jurisdiction to hear Palmer's appeal. 128 Ohio St.3d 1411, 2011-Ohio-828, 942 N.E.2d 384.

*Petition Process*

**{¶ 13}** The first issue for our review is whether *Bodyke* invalidated the petition process of R.C. Chapter 2950. This controversy began when Palmer petitioned the trial court under R.C. 2950.031(E). Palmer asks us to reinstate the disposition of his petition below, in which the trial court ruled that the Adam Walsh Act does not apply to Palmer's conviction. The state, however, argues that the ruling was a nullity because *Bodyke* abolished the petition process.

**{¶ 14}** The Tenth District did not review the viability of the petition process. Upon the state's request, however, we address the issue now to resolve disagreement among the courts of appeals. *Compare Lyttle v. State*, 191 Ohio App.3d 487, 2010-Ohio-6277, 946 N.E.2d 794, ¶ 16–17 (12th Dist.) (finding that *Bodyke* invalidated the petition process) *with State v. Johnson*, 10th Dist. No. 10AP-932, 2011-Ohio-2009, ¶ 9 (finding that the petition process survived *Bodyke*).

**{¶ 15}** Portions of R.C. 2950.031 and 2950.032 impermissibly instructed the Ohio attorney general, an officer of the executive branch, to reopen final

judgments of the judicial branch. *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, at ¶ 62. That instruction violated Ohio's separation-of-powers doctrine. *Id.* at ¶ 61. To remedy the violation, in *Bodyke* we declared unenforceable "the unconstitutional component" of the Adam Walsh Act's reclassification provisions. However, we held that the component could be severed from the rest of the act, and accordingly, we "left in place * * * the remainder of the AWA, 'which is capable of being read and of standing alone.' " *Id.* at ¶ 66, quoting *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 98.

{¶ 16} Based on the holding of *Bodyke*, the state's argument that the petition process was invalidated lacks merit. The petition process of R.C. 2950.031(E) and 2950.032(E) does not violate the separation-of-powers doctrine. The petition process does not require another branch of government to intrude upon the province of the judiciary. The invalidated reclassification provisions created an unconstitutional relationship between two branches of government. By contrast, the petition process involves only one branch of government, the judiciary.

{¶ 17} Therefore, *Bodyke*'s severance of the unconstitutional reclassification process left intact the petition process, which "can be given effect without the invalid" reclassification provisions. R.C. 1.50. *See also State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254 (finding no violation of the separation of powers when a statute enabled a trial court to correct its own judgment entry). Accordingly, we hold that *Bodyke* did not invalidate the petition process for sex offenders set forth by R.C. 2950.031(E) and 2950.032(E).

{¶ 18} Moreover, we reject the state's contention that *Chojnacki v. Cordray*, 126 Ohio St.3d 321, 2010-Ohio-3212, 933 N.E.2d 800, governs this case. *Chojnacki* is inapposite. It merely reflected that under *Bodyke*, any *re*classification by the Ohio attorney general's office under the Adam Walsh Act

was unenforceable. Therefore, issues regarding the appealability of the order arising in Chojnacki's petition were moot. *Chojnacki* did not speak to the viability of the petition process itself. That process remains alive and well.

{¶ 19} The Adam Walsh Act entitled Palmer to contest his classification. We find no error in the trial court's compliance with R.C. 2950.031(E). Accordingly, we reject the state's argument that the trial court lacked power to review Palmer's claims after *Bodyke*.

*Dismissal of Indictment*

{¶ 20} We now turn to the second issue for our review, which is whether a trial court may dismiss an indictment under R.C. Chapter 2950 if Ohio's sex-offender regulations do not apply to the accused. The trial court dismissed Palmer's indictment because he was "not under any statutory duty to verify his current address or to register as required by Revised Code Chapter 2950."

{¶ 21} The Tenth District, however, reversed. The appellate court held that Palmer's "arguments not only draw upon evidence outside the face of the indictment but address the very issue to be determined at trial." 2010-Ohio-2421, 2010 WL 2171662, at ¶ 15. Therefore, it held, the motion to dismiss "exceeded the permissible bounds of a pretrial motion under Crim.R. 12(C)," and the trial court ruling that granted that motion was erroneous. *Id.* at ¶ 17. Palmer asks us to reverse, arguing that the trial court may dismiss an indictment that is legally defective, such as one that is based on an unconstitutional classification.

{¶ 22} Crim.R. 12 empowers trial courts to rule on "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Crim.R. 12(C). In conducting this pretrial review, courts may look to "evidence beyond the face of the indictment." *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, at ¶ 18. However, a Crim.R. 12 ruling may not decide "what would be the general issue at trial." *Id.* Accordingly, under our precedent, we must decide whether a trial court can

determine if R.C. Chapter 2950 applies to an offender, without embracing the general issue for trial.

**{¶ 23}** The answer is clear. Under Crim.R. 12(C)(2), trial courts may judge before trial whether an indictment is defective. Without a doubt, an indictment is defective if it alleges violations of R.C. Chapter 2950 by a person who is not subject to that chapter. There is no set of circumstances under which such a person can violate the law's requirements. This is especially so where, as in Palmer's case, an indictment depends on the unconstitutional application of law. Therefore, dismissal is appropriate.

**{¶ 24}** Contrary to the Tenth District's analysis below, such a determination does not embrace the general issue for trial. The general issue for trial in this context is whether the accused violated the law as set forth in the indictment. Where the law simply does not apply, the trial court is well within its authority to dismiss the indictment before trial. In reaching that determination, the trial court may look beyond the four corners of the indictment. *Brady* at ¶ 18.

**{¶ 25}** Nor did the trial court err when it ruled that the Adam Walsh Act does not apply to Palmer. The prohibition on retroactivity of the Ohio Constitution, Article II, Section 28 forbids the application of the Adam Walsh Act to any offense committed before the law's enactment. *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 21. Here, there is no question that Palmer's 1995 offense occurred before the Adam Walsh Act's 2007 enactment. Therefore, the act's requirements do not apply. And despite the state's claim to the contrary, Megan's Law also did not apply, as Palmer completed his sentence for sexual battery before July 1, 1997. *See State v. Champion*, 106 Ohio St.3d 120**,** 2005-Ohio-4098, 832 N.E.2d 718, ¶ 13 (holding that Megan's Law does not apply to "a person whose prison term for a sexually oriented offense was completed before July 1, 1997," regardless of whether the person was later released from a prison term for another offense).

**{¶ 26}** The trial court did not prematurely embrace the general issue for trial when it ruled that Ohio's sex-offender regulations did not apply to Palmer.

*Order Dismissing Indictment*

**{¶ 27}** The state also asks us to review the trial court's order that Palmer's "name be removed from all sexually oriented [offender] lists maintained by the local, state or federal government." R.C. 2950.031(E) required the trial court, after ruling on Palmer's petition, to notify the sheriff and the Bureau of Criminal Identification and Investigation of its decision. It is not clear which other agencies or lists, if any, were contemplated by the trial court's order. On remand, we direct the trial court to clarify its order in this respect.

*Conclusion*

**{¶ 28}** We reverse the decision of the Tenth District Court of Appeals and remand this case to the Franklin County Court of Common Pleas for an order consistent with our decision in *Williams* as well as with R.C. 2950.031(E).

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Chief Counsel, Appellate Division, for appellee.

Yeura R. Venters, Franklin County Public Defender, and David L. Strait and Shayla L. Werner, Assistant Public Defenders, for appellant.

_____