[Cite as *State v. Gantt*, 2012-Ohio-5181.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98271**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## DWAYNE GANTT

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558628

**BEFORE:**    Kilbane, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**    November 8, 2012

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:     Daniel T. Van
            Daniel South
Assistant County Prosecutors
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Mark DeFranco
Mark A. DeFranco Law Offices
55 Public Square
Suite 1600
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶Error! Bookmark not defined.} The state of Ohio appeals from the order of the trial court that dismissed the indictment against Dwayne Gantt for his alleged April 15, 2010 failure to register his address in violation of R.C. 2950.06(F). For the reasons set forth below, we affirm.

{¶Error! Bookmark not defined.} Defendant was convicted of gross sexual imposition on May 20, 2004. On May 20, 2004, he was adjudicated a sexual predator and ordered to register and verify his address every 90 days for life, in accordance with Megan's Law. Thereafter, on January 1, 2008, the General Assembly repealed Megan's Law and replaced it with the Adam Walsh Act ("AWA"), which also sets forth address registration and verification requirements.

{¶Error! Bookmark not defined.} On April 15, 2010, the indictment alleged Gantt failed to verify his address as required under R.C. 2950.06(F).

{¶Error! Bookmark not defined.} On June 3, 2010, the Ohio Supreme Court decided *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. The court held that the reclassification provisions of the AWA, which required the attorney general to reclassify sex offenders who have already been classified by court order under Megan's Law, were unconstitutional, and it severed the reclassification provisions, R.C.

2950.031 and 2950.032. Also on that date, the court reinstated the classifications and community-notification and registration orders imposed previously. *Id.* at ¶ 66-67.

**{¶Error! Bookmark not defined.}** On January 26, 2012, Gantt was indicted in connection with the April 15, 2010 failure to verify his address.

**{¶Error! Bookmark not defined.}** On March 5, 2012, Gantt moved to dismiss the indictment and alleged that during the time period of the alleged offense, Megan's Law had been repealed. Gantt additionally noted that his underlying conviction occurred prior to the enactment of the AWA, and under *Bodyke* the verification requirements of the AWA cannot be applied to him.

**{¶Error! Bookmark not defined.}** On March 27, 2012, the trial court dismissed the indictment. The state now appeals and assigns the following errors for our review:

> The trial court erred in dismissing the indictment, because the defendant was indicted for failing to comply with "Megan's Law" violation.

> The trial court erred in dismissing the indictment, because *Bodyke* did not create a period of time in which neither Megan's Law or Adam Walsh Act could be enforced.

**{¶Error! Bookmark not defined.}** The state concedes that this court has previously rejected these arguments and they are raised for purposes of preserving them for further review, in connection with *State v. Brunning*, Ohio Supreme Court No. 2011-1066; *State v. Campbell*, Ohio Supreme Court No. 2011-1061; and *State v. Gilbert,* Ohio Supreme Court No. 2011-1062, which are currently pending before the Ohio Supreme Court.

**{¶Error! Bookmark not defined.}** With regard to procedure, we note a trial court may dismiss an indictment for violations of R.C. Chapter 2950 when it determines that

the chapter's regulations do not apply to the accused. *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, paragraph two of the syllabus.

{¶Error! Bookmark not defined.} With regard to whether the indictment sets forth a violation of Gantt's reporting requirements under Megan's Law, we note that in this matter, the offense was alleged to have occurred on or about April 15, 2010, or the time period after the AWA repealed Megan's Law and before the *Bodyke* decision in which the Ohio Supreme Court reinstated the classifications and community-notification and registration orders of Megan's Law.

{¶Error! Bookmark not defined.} Therefore, "there is no doubt that he was indicted for a first-degree felony for a violation of the reporting requirements under the AWA." *See State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, ¶ 8 (where defendant allegedly failed to verify an address on or about May 6, 2008, and was charged after his reclassification and before *Bodyke*, "there is no doubt that he was indicted for a first-degree felony for a violation of the reporting requirements under the AWA."); *State v. Ogletree*, 8th Dist. No. 96438, 2011-Ohio-5846, ¶ 10, *discretionary appeal allowed,* 131 Ohio St.3d 1456, 2012-Ohio-648, 961 N.E.2d 1135 (because Ogletree was originally classified under Megan's Law, any reporting requirements imposed on him under the AWA were unlawfully imposed and, therefore, cannot form the basis for a reporting violation.).

**{¶Error! Bookmark not defined.}** Further, because Gantt was originally classified under Megan's Law, any reporting requirements imposed on him under the AWA were unlawfully imposed and, therefore, cannot form the basis for a reporting violation. *Id.*

**{¶Error! Bookmark not defined.}** In accordance with the foregoing, the assignments of error are without merit.

**{¶Error! Bookmark not defined.}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR