[Cite as *Lorson v. Lorson*, 2017-Ohio-8562.]

STATE OF OHIO          )                IN THE COURT OF APPEALS
                          )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

PAUL LORSON                     C.A. No.     28601

     Appellant

     v.                        APPEAL FROM JUDGMENT
                                 ENTERED IN THE
DEBRA LORSON                COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
     Appellee                CASE No.    DR-2016-03-0957

DECISION AND JOURNAL ENTRY

Dated: November 15, 2017

---

HENSAL, Presiding Judge.

{¶1}    Paul Lorson appeals a decree of divorce entered by the Summit County Court of Common Pleas, Domestic Relations Division. For the following reasons, this Court affirms.

I.

{¶2}    Paul and Debra Lorson married in 2012 and divorced in 2017. During their divorce proceedings, the Lorsons agreed on the division of most of their property, but they proceeded to trial on a couple of issues, including spousal support. Following the trial, the court entered a decree that included a requirement that Husband pay Wife $583.00 a month for 13 months in spousal support.[1] Husband has appealed, assigning two errors that he has argued together.

---

[1] The trial court found that the marriage lasted from November 28, 2012, to February 9, 2017, which it wrote was 40 months. It determined that an appropriate spousal support award was one-third of that duration or 13 months. We note that the period from November 28, 2012, to February 9, 2017, is actually 50 months, but no party has challenged the court's 40-months finding.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN AWARDING SPOUSAL SUPPORT TO THE
APPELLEE FOR AN ADDITIONAL THIRTEEN (13) MONTHS.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY NOT TAKING INTO ACCOUNT THE
SPOUSAL SUPPORT PERIOD PAID BY THE APPELLANT IN
CONSIDERING THE PERIOD OF CONTINUED SPOUSAL SUPPORT.

{¶3}    Husband argues that the trial court abused its discretion when it ordered him to pay spousal support for 13 months.  He argues that the court should have credited him for the 11 months of temporary spousal support that he had already paid.  He also argues that the duration of the support is too long considering that he only resided with Wife for 23 months of the marriage.

{¶4}    Revised Code Section 3105.18(B) provides that, "[i]n divorce and legal separation proceedings, * * * the court of common pleas may award reasonable spousal support to either party."  In determining whether spousal support is appropriate and reasonable, the court must consider the factors listed in Section 3105.18(C)(1)(a-n).  R.C. 3105.18(C)(1).  "This Court reviews a spousal support award under an abuse of discretion standard."  *Hirt v. Hirt*, 9th Dist. Medina No. 03CA0110-M, 2004-Ohio-4318, ¶ 8.  "An abuse of discretion implies that the court's decision is arbitrary, unreasonable, or unconscionable."  *Smith v. Smith*, 9th Dist. Summit No. 26013, 2012-Ohio-1716, ¶ 8, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶5}    The decree indicates that the parties testified at trial about their employment and income.  The court also wrote that, in determining the spousal support award, it had considered "the evidence, testimony, and entire record in this case[.]"  We note that the appellate record, however, does not contain a copy of the trial transcript.  Under Local Rule 5(A)(1)(a)(i), "[i]f the

appellant desires a transcript of proceedings to be prepared for inclusion in the record, the appellant must serve the court reporter with a praecipe * * *." The rule also provides that "[a] copy of the praecipe, which has been signed by the court reporter, shall be filed in the trial court with the notice of appeal." *Id.* Husband attached a copy of a praecipe to his notice of appeal, but it does not contain the signature of the court reporter. It, therefore, does not appear that Husband properly requested preparation of the trial transcript.

{¶6} "It is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court." *Swedlow v. Riegler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 14, quoting *Shumate v. Shumate*, 9th Dist. Lorain No. 09CA009707, 2010-Ohio-5062, ¶ 6; App.R. 9(B). "[If] the transcript of a hearing is necessary to resolve assignments of error, but such transcript is missing from the record, the reviewing court has 'no choice but to presume the validity of the lower court's proceedings and affirm.'" *Shumate* at ¶ 9, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶7} Without a copy of the trial transcript, this Court is unable to review whether the trial court exercised improper discretion when it ordered Husband to pay 13 months of spousal support. We have no choice but to presume regularity in the proceedings. *See Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409 (9th Dist.1993). Husband's assignments of error are overruled.

III.

{¶8} Husband's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

CHRIS G. MANOS, Attorney at Law, for Appellant.

JOHN ZALIC, Attorney at Law, for Appellee.