[Cite as *State v. Hickman*, 2021-Ohio-1981.]

STATE OF OHIO       )
                    )ss:
COUNTY OF MEDINA   )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

| | |
|---|---|
| STATE OF OHIO | C.A. No. 20CA0049-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| BRADLEY HICKMAN | |
| Appellant | CASE No. 19CR0571 |

DECISION AND JOURNAL ENTRY

Dated: June 14, 2021

CARR, Presiding Judge.

{¶1} Defendant-Appellant Bradley Hickman appeals from the judgment of the Medina Court of Common Pleas. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} In May 2019, Hickman was indicted on three counts of nonsupport of dependents in violation of R.C. 2919.21(B), felonies of the fifth degree. The counts alleged that Hickman "abandon[ed], or fail[ed] to provide support as established by a court order to D.P. (DOB 12/4/1994), whom, by court order or decree, [] Hickman was legally obligated to support * * *." The first count encompassed the period from May 1, 2013 through April 30, 2015. The second count involved May 1, 2015 through April 30, 2017. Whereas the last count alleged the nonsupport occurred from May 1, 2017 through April 30, 2019. Each count included an assertion that

Hickman failed to provide support for a total period of 26 weeks out of 104 consecutive weeks, whether or not the 26 weeks were consecutive.

{¶3} In March 2020, Hickman filed a motion to dismiss. Hickman essentially argued the current version of R.C. 2919.21(B) was unconstitutional as applied to him because it violated the Ex Post Facto Clause of the United States and the Ohio Constitutions. The State opposed the motion asserting that the issue could not be determined via a motion to dismiss. The trial court agreed with the State and denied the motion. Hickman then pleaded no contest to the indictment and was sentenced accordingly. His sentence was stayed pending appeal.

{¶4} Hickman has appealed, raising four assignments of error for our review. Hickman's assignments of error will be addressed out of sequence to facilitate our analysis.

II.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED IN DENYING MR. HICKMAN'S MOTION TO DISMISS.

{¶5} Hickman argues in his fourth assignment of error that the trial court erred in denying his motion to dismiss. Hickman essentially argues that the trial court erred in failing to consider the merits of his motion to dismiss.

{¶6} Crim. R. 12(C)(2) provides that "[p]rior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue[]" including "[d]efenses and objections based on defects in the indictment[.]" "When a defendant moves to dismiss an indictment, the threshold question is whether the trial court can determine the motion without reference to the general issue to be tried." *State v. Hitsman*, 9th Dist. Medina No. 18CA0015-M, 2018-Ohio-5315, ¶ 15, citing *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, ¶ 22, citing *State v. Brady*, 199 Ohio St.3d 375, 2008-Ohio-4493, ¶ 18. This

is because "[a] motion to dismiss an indictment tests the legal sufficiency of the indictment, regardless of the quality or quantity of the evidence that may be introduced by either the state or the defendant." (Internal quotations and citations omitted.) *Hitsman* at ¶ 15. "In conducting this pretrial review, courts may look to evidence beyond the face of the indictment." *Palmer* at ¶ 22, quoting *Brady* at ¶ 18. "The Ohio Rules of Criminal Procedure, however, do not allow for 'summary judgment' on an indictment prior to trial." *State v. Varner*, 81 Ohio App.3d 85, 86 (9th Dist.1991).

{¶7}   In order to evaluate Hickman's argument, it is necessary to understand the recent changes to R.C. 2929.21(B). Former R.C. 2919.21(B) states that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person *is* legally obligated to support." (Emphasis added.)   In *State v. Pittman,* 150 Ohio St.3d 113, 2016-Ohio-8314, the Supreme Court of Ohio held "that a person is not subject to prosecution under [former] R.C. 2919.21(B) for the nonpayment of a court's order to pay a child-support arrearage when the person has no current obligation of support because the child who is the subject of the order is emancipated." *Id.* at ¶ 1. The Supreme Court revisited this issue in *State v. Brown*, 161 Ohio St.3d 276, 2020-Ohio-4623. Therein, it concluded that "a defendant may be charged with nonpayment of support under [former] R.C. 2919.21(B) when the conduct underlying the charge occurred while a support order was in effect, even if the child of the defendant is emancipated at the time the charge is brought, so long as the statute of limitations has not run and the other elements of the statute are met." *Id.* at ¶ 15. Thus, the former statute did not allow for the prosecution of a defendant when the underlying conduct occurred at a time when only an arrearage order was in effect. *See id.* at ¶ 9-15.

{¶8}    Effective February 11, 2019, R.C. 2919.21(B) was amended.  The statute now provides:

> (1) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person:
>
> (a) Is legally obligated to support; or
>
> (b) Was legally obligated to support, and an amount for support:
>
> (i) Was due and owing prior to the date the person's duty to pay current support terminated; and
>
> (ii) Remains unpaid.
>
> (2) The period of limitation under section 2901.13 of the Revised Code applicable to division (B)(1)(b) of this section shall begin to run on the date the person's duty to pay current support terminates.

Thus, the statute now includes not only those who *are* legally obligated to provide support, but also certain individuals who *were* legally obligated to provide support.  *See id.*

{¶9}    Hickman argues that his support order was terminated effective June 9, 2013, and, thus, as of that date Hickman only owed arrearages.  Hickman further points out that the counts in the indictment involve dates prior to February 11, 2019.  Hickman maintains that R.C. 2919.21(B) is meant to be applied prospectively only and that he could not be prosecuted under former R.C. 2919.21(B) for violating an arrearages only order.  However, if R.C. 2919.21(B) applies retrospectively, Hickman argues that it is unconstitutional as applied to him because it violates the Ex Post Facto Clause of the United States Constitution and the Ohio Constitution.

{¶10}  Hickman asserts that these issues can be resolved without reference to the general issue to be tried, and points to *Palmer* in support.  In 1995, Palmer was convicted of sexual battery. *Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, at ¶ 15.  After the Adam Walsh Act became effective in 2008, Palmer was automatically classified as a Tier III sex offender.  *Id.* at ¶ 7.  Palmer was then charged with violating the Adam Walsh Act's registration requirements.  *Id.* at ¶ 9.  Palmer

moved to dismiss the indictment. *Id.* at ¶ 10. The trial court ruled that the requirements of the act did not apply to Palmer and granted the motion. *Id.* On appeal, the Tenth District reversed concluding that the trial court exceeded its authority by looking outside the face of the indictment and addressing the issue to be determined at trial. *Id.* at ¶ 11. The Supreme Court reversed. *Id.* at ¶ 28. In so doing, the Supreme Court concluded that, "[w]ithout a doubt, an indictment is defective if it alleges violations of R.C. Chapter 2950 by a person who is not subject to that chapter. There is no set of circumstances under which such a person can violate the law's requirements. This is especially so where, as in Palmer's case, an indictment depends on the unconstitutional application of law. Therefore, dismissal is appropriate." *Id.* at ¶ 23. It went on to state that "such a determination does not embrace the general issue for trial. The general issue for trial in this context is whether the accused violated the law as set forth in the indictment. Where the law simply does not apply, the trial court is well within its authority to dismiss the indictment before trial. In reaching that determination, the trial court may look beyond the four corners of the indictment." *Id.* ¶ 24.

{¶11} Here, much like Palmer, Hickman asserts that R.C. 2919.21(B) is unconstitutional as applied to him. While an examination of whether a statute is unconstitutional as applied necessarily involves an examination of certain facts, this does not require the conclusion that the issue cannot be resolved in a motion to dismiss. *See Palmer* at ¶ 24; *see also Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314 (resolving whether Pittman was subject to prosecution under former R.C. 2919.21(B) via a motion to dismiss). Notably, Crim.R. 12(F), provides that "[t]he court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." Further, resolution of whether R.C. 2919.21(B) is unconstitutional as applied to Hickman would not involve resolution of the general issue to be determined at trial.

At trial, the State would be required to demonstrate the existence of a support order and that Hickman failed pay it. *See* R.C. 2919.21(B). To resolve whether the statute is unconstitutional as applied to Hickman, it would only be necessary to determine when Hickman's support order terminated.

{¶12} Given the foregoing, we conclude that the trial court erred in denying Hickman's motion on the basis that the issues could not be determined at the motion to dismiss stage. Upon remand, the trial court should resolve the issues set forth in Hickman's motion to dismiss.

{¶13} Hickman's fourth assignment of error is sustained to the extent discussed above.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT APPLIED R.C. 2919.21(B) RETROACTIVELY TO MR. HICKMAN, VIOLATING OHIO LAW.

### ASSIGNMENT OF ERROR II

MR. HICKMAN CANNOT BE FOUND GUILTY OF FAILING TO PAY AN ARREARAGES ONLY ORDER.

### ASSIGNMENT OF ERROR III

THE AMENDMENT TO R.C. 2919.21(B) VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES AND THE OHIO CONSTITUTION.

{¶14} Hickman's remaining three assignments of error raise arguments related to the merits of his motion to dismiss. The trial court did not address the merits of these issues and will be required to do son on remand. Thus, they are not properly before us at this time.

III.

{¶15} Hickman's fourth assignment of error is sustained to the extent discussed above. His remaining assignments of error are not properly before us at this time. The judgment of the Medina County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
SUTTON, J.
CONCUR.

APPEARANCES:

CHONG M. WON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.