[Cite as *State v. Swazey*, **2022-Ohio-993.**]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 21CA0031-M |
| --- | --- |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL SWAZEY, JR. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 2019CR1240 |

DECISION AND JOURNAL ENTRY

Dated: March 28, 2022

SUTTON, Judge.

{¶1} Defendant-Appellant Michael Swazey, Jr., appeals from the judgment of the Medina County Court of Common Pleas. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} In December 2019, Mr. Swazey was indicted by a grand jury on three counts of nonsupport of dependents in violation of R.C. 2919.21(B), all felonies of the fourth degree. The counts alleged that Mr. Swazey "abandon[ed], or fail[ed] to provide support * * * as established by a court order to K.S. (DOB: 03/13/1996)[.]" Each count of the indictment encompassed a different time period: Count 1 from November 1, 2013 through October 31, 2015; Count 2 from November 1, 2015 through October 31, 2017; and Count 3 from November 1, 2017 through October 31, 2019.

{¶3}    Mr. Swazey entered a plea of not guilty and filed a motion to dismiss.  In that motion, Mr. Swazey argued that the current version of R.C. 2919.21(B) was unconstitutional as applied to him because his child support order terminated on July 14, 2014, and, therefore, the charges of the indictment violated the Ex Post Facto Clause of the United States Constitution and the Ohio Constitution.  The State opposed Mr. Swazey's motion, arguing that the issue could not be determined in a motion to dismiss.  The trial court agreed with the State and denied Mr. Swazey's motion.  In its denial, the trial court stated that "[t]he defendant's motion to dismiss is based on factual assertions and evidentiary matters outside of the face of the indictment. * * * [Such] arguments are better suited for a motion for acquittal at the close of the State's [case.]"

{¶4}    After the denial of the motion to dismiss, Mr. Swazey appeared before the court, represented by counsel, and changed his plea.  On March 15, 2021, Mr. Swazey pled guilty to all three counts.  The trial court held a sentencing hearing on May 6, 2021, and in an order entered on May 11, 2021, the trial court sentenced Mr. Swazey to 180 days in jail and two years of community control.

{¶5}    Mr. Swazey timely appealed the judgment of the trial court and has assigned one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN OVERRULING APPELLANT, MICHAEL [SWAZEY'S], MOTION TO DISMISS THE INDICTMENT.**

{¶6}    In his sole assignment of error, Mr. Swazey argues the trial court erred when it denied his motion to dismiss the charges against him.  Mr. Swazey essentially argues the trial court erred when it failed to consider the merits of his motion, because, as Mr. Swazey asserts both now

and previously in his motion, the current version of R.C. 2919.21(B) is unconstitutional as applied to him.

Denial of Motion to Dismiss

**{¶7}** As this Court previously noted regarding motions to dismiss in *State v. Hickman*, 9th Dist. Medina No. 20CA0049-M, 2021-Ohio-1981, ¶ 6:

> Crim. R. 12(C)(2) provides that prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue including defenses and objections based on defects in the indictment. When a defendant moves to dismiss an indictment, the threshold question is whether the trial court can determine the motion without reference to the general issue to be tried. This is because a motion to dismiss an indictment tests the legal sufficiency of the indictment, regardless of the quality or quantity of the evidence that may be introduced by either the state or the defendant. In conducting this pretrial review, courts may look to evidence beyond the face of the indictment. The Ohio Rules of Criminal Procedure, however, do not allow for summary judgment on an indictment prior to trial.

(Internal quotations and citations omitted.) In *Hickman*, we also noted that "[w]hile an examination of whether a statute is unconstitutional as applied necessarily involves an examination of certain facts, this does not require the conclusion that the issue cannot be resolved in a motion to dismiss." *Id.* at ¶ 11; *see also State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, ¶ 24; *State v. Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314.

**{¶8}** Here, Mr. Swazey's motion to dismiss argued the statute he was charged under, R.C. 2919.21(B), was unconstitutional as applied to him because he alleged his support order terminated on July 14, 2014, a date that occurred during the time period alleged in Count 1 of the indictment. As this Court stated in *Hickman*, to evaluate Mr. Swazey's argument, it is necessary to understand the recent changes to R.C. 2929.21(B):

> Former R.C. 2919.21(B) states that "no person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person *is* legally obligated to support." In *State v. Pittman*, the Supreme Court of Ohio held that a person is not subject to prosecution under former R.C.

2919.21(B) for the nonpayment of a court's order to pay a child-support arrearage when the person has no current obligation of support because the child who is the subject of the order is emancipated. The Supreme Court revisited this issue in *State v. Brown*. Therein, it concluded that a defendant may be charged with nonpayment of support under [former] R.C. 2919.21(B) when the conduct underlying the charge occurred while a support order was in effect, even if the child of the defendant is emancipated at the time the charge is brought, so long as the statute of limitations has not run and the other elements of the statute are met. *Thus, the former statute did not allow for the prosecution of a defendant when the underlying conduct occurred at a time when only an arrearage order was in effect*.

(Emphasis added.) (Internal quotations and citations omitted.) *Hickman* at ¶ 7.

{¶9} Effective February 11, 2019, R.C. 2919.21(B) was amended. The statute now provides:

(1) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person:
(a) Is legally obligated to support; or
(b) Was legally obligated to support, and an amount for support:
(i) Was due and owing prior to the date the person's duty to pay current support terminated; and
(ii) Remains unpaid.
(2) The period of limitation under section 2901.13 of the Revised Code applicable to division (B)(1)(b) of this section shall begin to run on the date the person's duty to pay current support terminates.

Thus, the statute now includes not only those who *are* legally obligated to provide support, but also certain individuals who *were* legally obligated to provide support. *See* R.C. 2919.21(B); *Hickman* at ¶ 8.

{¶10} Mr. Swazey argues that the issues in his motion to dismiss can be resolved without reference to the general issue to be tried, and like *Hickman*, points to the Ohio Supreme Court's decision in *State v. Palmer*, *supra*, in support. We have previously summarized the Supreme Court's ruling in *Palmer* as follows:

In 1995, Palmer was convicted of sexual battery. After the Adam Walsh Act became effective in 2008, Palmer was automatically classified as a Tier III sex offender. Palmer was then charged with violating the Adam Walsh Act's registration requirements. Palmer moved to dismiss the indictment. The trial court

ruled that the requirements of the act did not apply to Palmer and granted the motion. On appeal, the Tenth District reversed concluding that the trial court exceeded its authority by looking outside the face of the indictment and addressing the issue to be determined at trial. The Supreme Court reversed. In so doing, the Supreme Court concluded that, "[w]ithout a doubt, an indictment is defective if it alleges violations of R.C. Chapter 2950 by a person who is not subject to that chapter. There is no set of circumstances under which such a person can violate the law's requirements. This is especially so where, as in Palmer's case, an indictment depends on the unconstitutional application of law. Therefore, dismissal is appropriate." It went on to state that "such a determination does not embrace the general issue for trial. The general issue for trial in this context is whether the accused violated the law as set forth in the indictment. *Where the law simply does not apply, the trial court is well within its authority to dismiss the indictment before trial. In reaching that determination, the trial court may look beyond the four corners of the indictment*."

(Internal citations omitted.) (Emphasis added.) *Hickman* at ¶ 10.

{¶11} Here, the trial court denied his motion without consideration of the merits of Mr. Swazey's argument because the trial court stated that Mr. Swazey's argument was not appropriate for a motion to dismiss. However, pursuant to this Court's holding in *Hickman*, and the Supreme Court's decision in *Palmer*, the trial court would only need to determine when Mr. Swazey's support order terminated in order to consider the merits of his argument. *See Hickman* at ¶ 11; *see also Palmer* at ¶ 24. This determination would not require the trial court to determine the general issue to be determined at trial. *Hickman* at ¶11. At trial, to establish the general issue, the State would be required to demonstrate the existence of a support order and that Mr. Swazey failed to pay his court ordered support. *Id*. Therefore, determining when Mr. Swazey's support order terminated would be an issue for appropriate determination in a motion to dismiss. *Id*.

{¶12} As such, we conclude the trial court erred in denying Mr. Swazey's motion on the basis that the issues could not be determined at the motion to dismiss stage.

Effect of Mr. Swazey's Guilty Plea

{¶13}  The State argues that Mr. Swazey's "guilty plea bars him from appealing the trial court's denial of his motion to dismiss the indictment."  The State points to this Court's decision in *State v. Phillips*, 9th Dist. Lorain No. 15CA010883, 2016-Ohio-8094.  In *Phillips* at ¶ 9, we noted:

> The Supreme Court of Ohio has explicitly held that a guilty plea precludes a defendant from raising issues pertaining to a trial court's disposition of pretrial motions which neither implicate the trial court's jurisdiction nor the constitutionality of the statutes at issue.

{¶14}  The State's argument, however, is misguided.  In both his motion to dismiss, and in his brief on appeal, Mr. Swazey challenges the constitutionality of R.C. 2919.21(B) as applied to him.  In *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 78, the Ohio Supreme Court held:

> A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. Therefore, a defendant who[,] voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Here, Mr. Swazey's challenge is precisely the type of challenge for which the Ohio Supreme Court has carved out an exception.  Even if Mr. Swazey's factual guilt was established, Mr. Swazey is arguing that the application of the statute to his case would be a constitutional violation.  Therefore, Mr. Swazey's challenge to the trial court's motion to dismiss is not barred by the fact that Mr. Swazey pled guilty to the charges against him.

{¶15}  Given the foregoing, we conclude that the trial court erred in denying Mr. Swazey's motion on the basis that the issues could not be determined in a motion to dismiss.  Upon remand, the trial court should resolve the issues set forth in Mr. Swazey's motion to dismiss.

{¶16}  Mr. Swazey's assignment of error is sustained to the extent discussed above.

III.

**{¶17}** Mr. Swazey's assignment of error is sustained to the extent discussed above. The judgment of the Medina County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KIMBERLY L. STOUT-SHERRER, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.