[Cite as *State v. Peeler*, 2023-Ohio-1315.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No.    22CA0023-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO CASE No.    21CR0619 |
| HERBERT E. PEELER | | |
| Appellant | | |

DECISION AND JOURNAL ENTRY

Dated: April 24, 2023

HENSAL, Judge.

{¶1}    Herbert E. Peeler appeals an order of the Medina County Court of Common Pleas that denied his motion to dismiss the indictment.  This Court affirms.

I.

{¶2}    On July 28, 2021, Mr. Peeler was indicted on two counts of nonsupport of dependents in violation of Revised Code Section 2919.21(B).  The first count charged Mr. Peeler with failure to support a dependent between June 1, 2015, and May 31, 2017.  The second charged him with failure to support a dependent between June 1, 2019, and May 31, 2019.

{¶3}    Mr. Peeler moved to dismiss the indictment, arguing that with respect to count one, he was indicted beyond the six-year statute of limitations provided by Section 2901.13.  He also maintained that because the minor child was emancipated in 2016, a

portion of the time period at issue reflected only arrearages, which was not permitted by the version of Section 2919.21(B) in effect at that time. With respect to count two, Mr. Peeler argued that the indictment was based solely upon arrearages and that 2019 amendments to Section 2919.21(B) could not be applied to him retroactively. The trial court denied the motion to dismiss, and Mr. Peeler entered a plea of no contest. The trial court sentenced Mr. Peeler to two years of community control, the terms of which included the payment of $8,985.23 to the Child Support Enforcement Agency. Mr. Peeler appealed, raising one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

> THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO DISMISS WHEN THE STATUTE OF LIMITATIONS HAD EXPIRED PRIOR TO THE INDICTMENT PERIOD.

{¶4} Mr. Peeler's assignment of error argues that the trial court erred by denying his motion to dismiss the indictment because the statute of limitations had expired and application of the 2019 amendment to Section 2919.21(B) is unconstitutional with respect to him. This Court must presume regularity in the trial court's proceedings, however, because the transcript of the hearing on the motion to dismiss is not part of the record on appeal.

{¶5} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199

(1980). *See also Cook v. Bell*, 9th Dist. Summit No. 25092, 2010-Ohio-3579, ¶ 10 ("[I]n the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment."). Under Local Rule 9(A), the duty of arranging for the transmission of the record, including transcripts of proceedings, falls to the appellant. *See Lorson v. Lorson*, 9th Dist. Summit No. 28601, 2017-Ohio-8562, ¶ 5-7. *See also* App.R. 9(B).

{¶6} When Mr. Peeler initiated this appeal, he indicated that the record would not include a transcript of proceedings. Consequently, the record does not include a transcript of the hearing that the trial court conducted on the motion to dismiss the indictment. Without that transcript, this Court is unable to discern what arguments were made to the trial court. Because the trial court denied the motion to dismiss in a conclusory manner without specifying the basis for the decision, this Court also cannot determine whether the trial court considered the merits of the motion. *Compare State v. Swazey*, 9th Dist. Medina No. 21CA0031-M, 2022-Ohio-993, ¶ 11 (concluding, in a case that raised the same arguments on appeal, that the trial court erred by denying a motion to dismiss the indictment without considering the merits of the motion).

{¶7} Upon review of the record, this Court concludes that, without a transcript of the hearing on the motion to dismiss the indictment, we are unable to undertake a complete review of the trial court's decision. Mr. Peeler's assignment of error is overruled.

III.

**{¶8}** Mr. Peeler's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CONCURS.

FLAGG LANZINGER, J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

ERIC D. HALL, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.