[Cite as *State v. LaSelle*, 2024-Ohio-431.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellant

    v.

MORGAN CHRISTOPHER LASELLE

    Appellee

C.A. No.     30695

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2022-10-3696

DECISION AND JOURNAL ENTRY

Dated: February 7, 2024

---

HENSAL, Presiding Judge.

{¶1} The State of Ohio appeals an order of the Summit County Court of Common Pleas that dismissed an indictment charging Morgan LaSelle with failure to register. For the following reasons, this Court reverses.

I.

{¶2} The Grand Jury indicted Mr. LaSelle for failing to register as a sexually oriented offender on or about August 1, 2020. The indictment stated that the basis of the registration requirement was Mr. LaSelle's conviction for sexual battery in North Carolina in 2008. Mr. LaSelle moved to dismiss the indictment, alleging that he was not required to register because he was only adjudicated delinquent as a minor for the sexual battery offense, the court that adjudicated him did not impose a registration requirement on him, and, regardless, any registration requirement would have expired when he turned 18. Following a hearing, the trial court granted the motion to dismiss. It concluded that, because Mr. LaSelle did not have a duty to register in North Carolina

after being adjudicated as delinquent, he could not be required to register in Ohio. The State has appealed, assigning as error that the trial court incorrectly granted Mr. LaSelle's motion to dismiss.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING LASELLE'S MOTION TO DISMISS THE INDICTMENT UNDER CRIM.R. 12(C).

{¶3} The State argues that the dismissal of the indictment violated Criminal Rule 12(C). It also argues that the trial court's conclusion that Mr. LaSelle did not have a duty to register was contrary to the evidence.

{¶4} Rule 12(C)(2) provides that, "[p]rior to trial, any party may raise by motion any defense * * * that is capable of determination without the trial of the general issue[ ]" including "[d]efenses * * * based on defects in the indictment[.]" "[If] a defendant moves to dismiss an indictment, the threshold question is whether the trial court can determine the motion without reference to the general issue to be tried." *State v. Hitsman*, 9th Dist. Medina No. 18CA0015-M, 2018-Ohio-5315, ¶ 15, citing *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, ¶ 22. "This is because '[a] motion to dismiss an indictment tests the legal sufficiency of the indictment, regardless of the quality or quantity of the evidence that may be introduced by either the state or the defendant.'" *Hitsman* at ¶ 15, quoting *State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate District*, 126 Ohio St.3d 405, 2010-Ohio-2430, ¶ 34. "In conducting this pretrial review, courts may look to evidence beyond the face of the indictment." *Palmer* at ¶ 22, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, ¶ 18; *see also State v. Swazey*, __ Ohio St.3d __, 2023-Ohio-4627, ¶ 19-22. "The Ohio Rules of Criminal Procedure, however, do not allow for 'summary judgment' on an indictment prior to trial." *State v. Varner*, 81 Ohio App.3d 85, 86 (9th Dist.1991). This Court generally reviews a ruling on a pretrial motion to

dismiss criminal charges de novo. *State v. Saxon*, 9th Dist. Lorain No. 09CA009560, 2009-Ohio-6905, ¶ 5.

{¶5} Initially, we must determine which reporting system applied to Mr. LaSelle. Although he was convicted of sexual battery in 2008, the North Carolina judgment indicates that the offense occurred in September 2007. The reporting requirements under Megan's Law apply to the offense, therefore, instead of those under the Adam Walsh Act ("AWA"), which did not go into effect in Ohio until 2008. *State v. Schilling*, 172 Ohio St.3d 479, 2023-Ohio-3027, ¶ 7 ("Megan's Law applies to sex offenses committed prior to January 1, 2008, even if the defendant was convicted after the AWA's January 1, 2008 effective date."). We note that the trial court incorrectly cited some AWA provisions in its order.

{¶6} Under Megan's Law, a person who was convicted of or adjudicated a delinquent child in a court of another state for committing a sexually oriented offense has a duty to register in Ohio if they have a duty to register in the other state and later move to Ohio. R.C. 2950.04(A)(3)(a) (2007). The duty to report in Ohio begins when the person begins to reside in Ohio, but they may receive credit for time that they complied with the registration requirements of the other state. R.C. 2950.07(A)(4), (E) (2007); *Schilling* at ¶ 35. If Mr. LaSelle had a registration requirement, the State acknowledges that it was ten years. *See* R.C. 2950.07(B)(3) (2007).

{¶7} At the hearing on the motion to dismiss, the State called a detective whose primary duty concerns sexual offender registrations. According to the detective, his office determined that, based on Mr. LaSelle's prior offense, under Ohio law, he had a duty to register once a year for ten years. The detective did not know when Mr. LaSelle moved to Ohio but knew that his name appeared in a police report in February 2011. He also knew that Mr. LaSelle registered for the first time in Ohio in August 2011. On cross-examination, the detective acknowledged that the

North Carolina judgment indicated that Mr. LaSelle had to comply with any registration requirements provided by statute. He also acknowledged that Mr. LaSelle was only 17 at the time of his conviction and that the North Carolina law in effect provided that juveniles only had to register if a court determined that the juvenile was a danger to the community, which was not indicated in the judgment. The detective testified that the judgment was "not the complete record," however, and that "there's more than that to it." He admitted that he was not aware of any record in the file that indicated that Mr. LaSelle had been determined to be a danger to the community but said that he had not looked for any such language when he reviewed the record.

{¶8}   In *Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, the Ohio Supreme Court explained that an indictment that alleges the violation of a registration requirement by someone who is not subject to such a requirement is defective because "[t]here is no set of circumstances under which such a person can violate the law's requirements." *Id*. at ¶ 23. It also explained that such a determination did "not embrace the general issue for trial" and that a trial court has authority to dismiss an indictment if registration laws do not apply, even if it requires looking "beyond the four corners of the indictment." *Id*. at ¶ 24.

{¶9}   In *Palmer*, there was "no question" that Megan's Law and the AWA did not apply to the defendant because he had committed his prior offense before either law had been enacted. *Id.* at ¶ 25. In this case, however, there do appear to be questions regarding whether Mr. LaSelle was subject to a registration requirement at the time he moved to Ohio. The trial court found that the record is "devoid of the requisite finding by the presiding judge" that Mr. LaSelle is a danger to the community. The detective testified, however, that the judgment Mr. LaSelle presented at the hearing was "not the complete record" and that there was "more than that to it." Prosecutors are not "forced to respond" to motions to dismiss "with specific evidence in advance of trial."

*Varner*, 81 Ohio App.3d at 87; *Hitsman*, 2018-Ohio-5315 at ¶ 16 ("[A] motion to dismiss[ ] must not entail a determination of the sufficiency of the evidence to support the indictment[.]"), quoting *State v. Kolat*, 11th Dist. Lake No. 2001-L-117, 2002-Ohio-4699, ¶ 16.

{¶10} The trial court cited *State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, and *State v. Amos*, 1st Dist. Hamilton Nos. C-160717, C-160718, 2017-Ohio-8448, in support of its decision. *Lloyd*, however, involved whether the State produced at trial any evidence that the defendant was under a duty to register in another state when he moved to Ohio. *Lloyd* at ¶ 47. It did not involve a pre-trial motion to dismiss. In *Amos*, the juvenile court failed to classify the defendant as a Tier I sex offender before it lost jurisdiction over him. *Amos* at ¶ 2, 14. Like in *Palmer*, the juvenile court had no authority to impose a registration requirement on the offender. *Id*. Neither of those cases, therefore, support the trial court's decision.

{¶11} Upon review of the record, we conclude that it was improper for the trial court to conclude that Mr. LaSelle did not have a duty to register at the time he moved to Ohio because there was a contested issue of fact as to that issue. We, therefore, also conclude that the court incorrectly granted Mr. LaSelle's motion to dismiss the indictment. The State's assignment of error is sustained.

III.

{¶12} The State's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellant.

MARK H. LUDWIG, Attorney at Law, for Appellee.