DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, the city of Toledo, appeals a judgment of the Toledo Municipal Court. For the following reasons, we reverse the municipal court's judgment and remand this cause for further proceedings consistent with this judgment. *Page 2 
 {¶ 2} On Saturday, February 19, 2005, appellees, Brooke Johnston and Christopher Eischen, were each issued a citation for a violation of R.C.4301.60. This statutory section prohibits any person who is not the holder of an "H permit"[1] from transporting beer, intoxicating liquor, and/or alcohol in the state of Ohio. This prohibition also applies to any person who does not purchase beer, intoxicating liquor, and/or alcohol from a holder of an "H" permit issued by the state of Ohio. Id. In addition, each was issued a citation for the violation of R.C. 4301.67, the illegal possession of beer in the excess of one liter which was not lawfully acquired pursuant to R.C. Chapters 4301 and 4303. Johnston was also issued a citation for underage possession of alcohol pursuant to R.C. 4301.69. The agents confiscated a keg of beer that Eischen purchased in the state of Michigan and that was transported into the state of Ohio in a motor vehicle driven by Johnston.
 {¶ 3} Appellees filed a motion to dismiss the charges against them, asserting that R.C. 4301.60 and 4301.67 are unconstitutional. In the memorandum in support of the motion, trial counsel indicated that the purpose for the purchase of the keg of beer was personal consumption by Eischen and his roommate, who was also 25 years old. However, there is no evidence, e.g., transcript of a hearing, in the record of this case to establish that this was the purpose of the purchase. Nonetheless, the trial court entered a judgment in which it found that R.C. 4301.60 and4301.67 violated the "dormant Commerce Clause" as applied to appellees, because Eischen was a consumer who purchased the keg of beer for personal consumption. *Page 3 
 {¶ 4} The city of Toledo asserts the following assignment of error:
 {¶ 5} "I. O.R.C.4301.60 and 4301.67 Are Not Unconstitutional In Their Application and Do Not Violate The Commerce Clause."
 {¶ 6} Due to the fact that there is no evidence in the record of this cause to support a finding that Eischen purchased the beer for personal consumption and that it was transported and possessed by Eischen and Johnston for that purpose, we reverse the judgment of the municipal court and remand this cause to that court for further proceedings consistent with this decision.
 {¶ 7} Appellant's sole assignment of error is therefore rendered moot. Appellant and appellees are each ordered to pay one-half of the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J. Judge, William J. Skow, J. Judge, Thomas J. Osowik, J. Judge, CONCUR.
[1] See R.C. 4303.22, as effective on February 29, 2005. *Page 1