DECISION AND JUDGMENT
{¶ 1} This is the second time that this case is before the court. Appellant, the city of Toledo, appeals a judgment of the Toledo Municipal Court. For the following reasons, we affirm that judgment.
 {¶ 2} The following facts are material to our disposition of this cause. On Saturday, February 19, 2005, appellee, Brooke Johnston, drove appellee, Christopher *Page 2 
Eischen, from Ohio into Michigan. At that time Johnston was 20 years old, and Eischen was 25 years old. When appellees arrived at Flick's Package Liquor in Lambertville, Michigan, Eischen went into the store and purchased a half keg of beer. According to Eischen, he purchased the keg, which was to be placed in a specialized refrigerator, for personal consumption by himself and his two roommates over a period of "about a month."
 {¶ 3} Appellees were unaware of the fact that agents from the Ohio Department of Public Safety were conducting a surveillance of Flick's for the purpose of determining whether Ohioans were violating R.C. 4301.60 by transporting beer and/or intoxicating liquor from Michigan into Ohio. The agents saw Eischen exit the store followed by a store employee who loaded the keg of beer into the trunk of Johnston's vehicle.
 {¶ 4} After appellees crossed the Michigan-Ohio border, they stopped at a gas station. The state agents approached the pair and issued each of them a citation for the violation of R.C. 4301.60. This statute prohibits any person who is not the holder of an "H permit" from transporting beer, intoxicating liquor, and alcohol into the state of Ohio. In addition, each was issued a citation for the violation of R.C. 4301.67, the illegal possession of beer in the excess of one liter which was not lawfully acquired pursuant to R.C. Chapters 4301 and 4303[1]. The agents confiscated the keg of beer. *Page 3 
 {¶ 5} Appellees filed a motion to dismiss the charges against them, asserting that R.C. 4301.60 and 4301.67 were unconstitutional. Relying heavily on the United States Supreme Court ruling in Granholm v.Heald (2005), 544 U.S. 460, the trial court found the Ohio statutes unconstitutional, as applied to consumers, when analyzed with respect to the dormant Commerce Clause. The court, therefore, dismissed the charges brought pursuant to those statutes against appellees. The city sought leave to appeal the court's judgment, and we granted its request.
 {¶ 6} Subsequently, however, we discovered that evidence crucial to our determination of appellant's assignment of error was not in the record of this appeal. Specifically, there was no evidence in the record of this cause indicating that Eischen purchased the keg of beer for personal use. Accordingly, we remanded this case to the municipal court solely for the purpose of obtaining that information. After holding a hearing, the court entered a judgment setting forth the necessary fact and affirming/adopting its prior judgment finding R.C. 4301.60 and4301.67 unconstitutional when applied to appellees.
 {¶ 7} Appellant appeals that judgment and raises one assignment of error:
 {¶ 8} "O.R.C. § 4301.60 and § 4301.67 are not unconstitutional in their application and do not violate the Commerce Clause."
 {¶ 9} After researching the law germane to this assignment of error and applying that law to the facts of this case, we conclude that the well-written, well-reasoned decision of the Honorable Gene A. Zmuda and the decision of the Honorable Michael R. *Page 4 
Goulding of the Toledo Municipal Court properly dispose of this issue and, hereby, affirm and adopt those decisions as our own. See Appendix A. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 10} Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR.
[1] Johnston was also allegedly issued a citation for underage possession of alcohol pursuant to R.C. 4301.69. *Page 1