[Cite as *State v. Elam*, 2025-Ohio-1092.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-24-1213

       Appellant                                  Trial Court No.  CR0202401215

v.

Quinton Elam                                          **DECISION AND JUDGMENT**

       Appellee                                   Decided:  March 28, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellant.

Joseph Sobecki, for appellee.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court on the state of Ohio's appeal, pursuant to R.C.

2945.67, challenging the dismissal of the indictment by the Lucas County Court of

Common Pleas on August 2, 2024. For the reasons that follow, we reverse.

## II. Facts and Procedural History

{¶ 2} On November 22, 2023, police conducted a traffic stop of appellee, Quinton Elam, and he was later indicted on one count of improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B) and (I) and R.C. 2923.111, a felony of the fourth degree. On March 18, 2024, Elam was arraigned with retained counsel. On June 25, 2024, Elam filed a motion to dismiss based on recent United States Supreme Court precedent and the facts of Elam's case.

{¶ 3} On July 21, 2024, the state filed a response to the motion to dismiss, arguing the basis of Elam's offense, R.C. 2923.16 and 2923.111, is consistent with the historical tradition of firearms regulation, and therefore, constitutional. The state challenged Elam's claim that he was a qualified adult under R.C. 2923.111, with a dispute over whether Elam was a fugitive from justice at the time he was stopped by police and a record check demonstrated outstanding warrants for his arrest in another state based on outstanding traffic violations.

{¶ 4} On August 2, 2024, the trial court granted the motion to dismiss, finding the second amendment protected Elam, and the state presented no historical analogue that demonstrated a history of disarming persons who have a warrant based on outstanding traffic violations. The trial court dismissed the indictment by written opinion and judgment entry.

{¶ 5} The state filed a timely appeal of the judgment.

2.

### III. Assignments of Error

**{¶ 6}** The state asserts the following assignments of error on appeal:

1. Under Ohio law, a trial court errs in dismissing pre-trial a criminal charge based on an as-applied challenge to the constitutionality of the applicable statutory scheme.

2. A facial attack on the improper handling statute and related statutory provisions fails, because Ohio's statutory scheme is consistent with the historic tradition of firearms regulations. *New York State Rifle & Pistol Assn. v. Bruen,* 597 U.S. 1 (2022); *District of Columbia v. Heller,* 554 U.S. 570, 592 (2008); and *United States v. Rahimi,* 219 L.Ed.2d 351 (2024), applied.

### IV. Analysis

**{¶ 7}** The state's assignments of error challenge the trial court's dismissal based on an as-applied and a facial challenge to the constitutionality of the statute. Additionally, the state argues that the trial court's dismissal acted as a determination of matters that should have been determined in a trial. *See State v. Owens,* 2017-Ohio-2909, ¶ 13 (6th Dist.). While we agree that Crim.R. 12(C) motions permit a trial court to rule on "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue," a trial court may consider "evidence beyond the face of the indictment" in considering dismissal. *State v. Palmer,* 2012-Ohio-580, ¶ 22, quoting Crim.R. 12(C). In this case, the trial court's consideration of the constitutional challenge

3.

did not require a determination on the merits, but instead addressed the applicability of the statute to Elam, based on the facts of his case.

{¶ 8} "Crim.R. 12 permits a court to consider evidence beyond the face of an indictment when ruling on a pretrial motion to dismiss an indictment if the matter is capable of determination without trial of the general issue." *State v. Swazey,* 2023-Ohio-4627, ¶ 19, quoting *State v. Brady*, 2008-Ohio-4493, ¶ 3. When considering a motion under Crim.R. 12(C)(2), a trial court "may look beyond the four corners of the indictment." *Palmer* at ¶ 24, citing *Brady* at ¶ 18. As provided by Crim.R. 12(F), this evidence may include affidavits, the proffer of testimony and exhibits, a hearing, or other proper evidence. *Swazey* at ¶ 21, citing Crim.R. 12(F).

{¶ 9} In *State v. Latham,* 2025-Ohio-495 (6th Dist.), we considered an as-applied challenge to the constitutionality of the same statutes, and affirmed the dismissal based on the stipulated facts in that case. The trial court in that case, however, placed a stipulation of facts into the record. *Latham* at ¶ 3.

{¶ 10} In this case, the trial court held no hearing, and we have no evidence or stipulation in the limited record on appeal. Instead, the parties appear to agree in their briefs that Elam had outstanding traffic violations that resulted in a warrant, and he was unsuccessful in a recent purchase of a firearm due to the violations and warrant. The state, furthermore, maintained that Elam was a fugitive from justice at the time of the traffic stop, pursuant to 18 U.S.C. 922(g)(2). The federal statute prohibits firearm

4.

possession by fugitives from justice, and provides:

(g) It shall be unlawful for any person--

…;

(2) who is a fugitive from justice;

…

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. 18 U.S.C. 922(g)(2).

{¶ 11} The term "fugitive from justice" is defined as "any person who has fled from any State to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding." 18 U.S.C. 922(a)(15).

{¶ 12} The state relied on 18 U.S.C. 922(a)(15) to support the fugitive from justice argument but cited to nothing in the record that provided any support. The trial court, therefore, did not address the facts or the dispute over Elam's fugitive status in its analysis of the as-applied constitutional challenge.

{¶ 13} We have, in the past, remanded a matter for a stipulation regarding the facts, necessary for an as-applied constitutional challenge to a statute. *See Toledo v. Eischen,* 2007-Ohio-4473, ¶ 6 (6th Dist.) (*Eischen I*). In *Eischen I,* the parties did not dispute that Eischen purchased a keg of beer in Michigan, just over the state line, and immediately transported the keg back to Ohio for personal consumption, but the trial court made no findings on the record regarding the undisputed facts. *Id.* In that case,

5.

Eischen had challenged the constitutionality of Ohio's illegal transport law, R.C. 4301.60, as it applied to his purchase and transport for personal consumption. *Id.* at ¶ 3. On appeal, we found "no evidence in the record" to support the finding that Eischen purchased and transported alcohol for the purpose of personal consumption, necessary to the trial court's determination of unconstitutionality. *Id.* at ¶ 6. We reversed and remanded the matter to permit the trial court to make a record. *Id.*

{¶ 14} On remand, the trial court held a hearing, and after sworn testimony, entered findings of fact regarding Eischen's legal age and purchase of alcohol, as well as his purpose, personal consumption. *Toledo v. Eischen,* 2008-Ohio-6531, ¶ 6 (6th Dist.) (*Eischen II*). The trial court entered its findings and reaffirmed its prior judgment, finding R.C. 4301.60 unconstitutional as applied to Eischen. *Id.* With the determination of facts in the record, we affirmed the trial court's finding in the subsequent appeal of the finding that R.C. 4301.60 is unconstitutional as applied to Ohio residents who legally purchased alcohol from retailers outside the state for personal consumption in Ohio. *Id.* at ¶ 9.

{¶ 15} This case presents a similar deficiency, as found in *Eischen I.* This case is also distinguishable from *Latham,* as the court in *Latham* held a hearing and the parties entered stipulations of facts for the record. *Latham* at ¶ 3. Thus, while the parties, in their briefs, appear to agree that Elam had outstanding traffic violations and was refused purchase of a firearm as a result, the state argues that Elam was a fugitive from the law as defined by 18 U.S.C. 922(g)(2). Because the parties did not provide sworn testimony or submit any stipulation of facts and the trial court entered no factual findings on the

6.

record, as in *Eischen II,* we lack the necessary evidence to consider the appeal. Accordingly, we must reverse and remand the matter for factual findings on the record.

## V. Conclusion

{¶ 16} We reverse the judgment of the Lucas County Common Pleas Court and remand this cause for further proceedings consistent with this decision. The state's assignments of error are rendered moot by this decision. Appellant and appellee are each ordered to pay one-half the cost of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.       _____

Gene A. Zmuda, J.            JUDGE

Charles E. Sulek, P.J.      _____
CONCUR.                          JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.