**[Cite as *State v. Robinson*, 2025-Ohio-1431.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-24-1146

    Appellee                                            Trial Court No.  CR0202302350

v.

Corey Robinson                                          **DECISION AND JUDGMENT**

    Appellant                                           Decided:  April 22, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Sarah Anjum, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Corey Robinson, appeals from a judgment of the Lucas County
Court of Common Pleas denying his motion to dismiss the two counts set forth in the
indictment. For the reasons that follow, the trial court's judgment is reversed.

**Statement of the Case and Facts**

{¶ 2} On September 1, 2023, the grand jury indicted Robinson on a charge of
carrying concealed weapons in violation of R.C. 2923.12(A)(2) and (F)(1) and R.C.

2923.111(A), and a charge of improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(B) and (I) and R.C. 2923.111(A). Both offenses are felonies of the fourth degree and arose out of events that occurred on May 20, 2023. The parties do not dispute that Robinson was nineteen years of age on May 20, 2023.

{¶ 3} On April 12, 2024, Robinson moved to dismiss the charges on the theory that R.C. 2923.111 -- which requires that a "qualifying adult" eligible to carry a firearm under Ohio's permitless carry law be twenty-one years of age or older -- is unconstitutional as applied to him under *New York State Rifle & Pistol Assn. Inc. v. Bruen*, 597 U.S. 1 (2022). The State opposed Robinson's motion on its merits, arguing the validity of the Ohio statute.

{¶ 4} In an opinion and judgment entry filed on May 16, 2024, the trial court denied the motion to dismiss based on a determination that Robinson's legal argument was supported by facts that were not yet before the court and that Ohio's constitutional avoidance doctrine prevented the relief Robinson sought. Thus, the trial court sidestepped any consideration of the merits of Robinson's "as-applied" challenge.

{¶ 5} After the denial of the motion to dismiss, Robinson entered a no contest plea to the count of carrying a concealed weapon. During the plea colloquy, Robinson stated that his age was 19. The prosecutor said that if the matter had proceeded to trial, the State would have provided evidence that on May 20, 2023, Toledo police made a traffic stop of a vehicle in which Robinson was a passenger, and that Robinson was under the age of 21 and had a fully loaded firearm concealed in his waistband.

2.

{¶ 6} The trial court sentenced Robinson to two years of community control and ordered the destruction of the firearm. On appeal, Robinson asserts errors related to the denial of his motion to dismiss the charges.

**Assignments of Error**

{¶ 7} On appeal, appellant asserts the following assignments of error:

I. The Court Erred in Failing to "Grant or Entertain" Appellant's Motion to Dismiss.

II. R.C. 2923.111 is Unconstitutional as Applied to Robinson Because it violates his rights under the second amendment to the United States Constitution.

III. Excluding 18 to 20-year-olds from the statutory definition of qualifying adult in violation of the Equal Protection. Clause [sic] of the Fourteenth Amendment and Ohio Const. Art. 1, § 2.

**Law and Analysis**

**1. First and Second Assignments of Error**

{¶ 8} Robinson argues in his first assignment of error that the trial court erred in failing to rule on the merits of his motion to dismiss. In his second assignment of error, he argues that R.C. 2923.111 is unconstitutional as applied to him, because it violates his rights under the Second Amendment to the United States Constitution. Because these assignments of error involve overlapping issues, we will consider them together in this analysis.

3.

**{¶ 9}** "'Crim.R. 12 empowers trial courts to rule on "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue."'" *State v. Latham*, 2025-Ohio-495, ¶ 19, (6th Dist.), quoting *State v. Palmer*, 2012-Ohio-580, ¶ 22, quoting Crim.R. 12(C). "In considering dismissal, courts may consider "'evidence beyond the face of the indictment."'" *Id.*, quoting *Palmer* at ¶ 22, quoting *State v. Brady*, 2008-Ohio-4493, ¶ 18. "Dismissal is proper if there is 'no set of circumstances' in which the defendant can violate the law's requirements, or if an 'indictment depends on the unconstitutional application of the law.'" *Id.*, quoting *Palmer* at ¶ 23.

**{¶ 10}** Appellate courts apply a de novo review to the trial court's decision and independently consider whether the trial court correctly found the indictment is unconstitutional as applied to a defendant, meriting dismissal pursuant to Crim.R. 12(C). *See Latham* at ¶ 20, citing *State v. Parker*, 2023-Ohio-2127, ¶ 20 (5th Dist.).

**{¶ 11}** In *Latham*, we considered an "as-applied" challenge to the constitutionality of a different R.C. 2923.111 "qualifying adult" requirement -- one that prohibited the defendant from exercising his right to open carry based on a single misdemeanor drug conviction -- and we affirmed dismissal of the indictment based on the trial court's application of the *Bruen* standard to facts that were set forth in the record.

**{¶ 12}** Here, Robinson challenged the constitutionality of the charges based on the facts of his case, and, therefore, he was required to show that ""'application of the statute in the particular context in which he has acted … would be unconstitutional."'"

4.

(Emphasis omitted.) *See Latham* at ¶ 21, quoting *State v. White*, 2013-Ohio-51, ¶ 151 (6th Dist.), quoting *Yajnik v. Akron Dept. of Health, Hous. Div.*, 2004-Ohio-357, ¶ 14 (additional citations omitted). Citing various authorities, Robinson argued that *Bruen* "shifts the burden of proof and alters the courts standard review for determining the constitutionality of statutes regulating firearms," and that "[t]he State now bears the burden of proof and is required to 'justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.'"

{¶ 13} The State, in its opposition, agreed that under *Bruen* the prosecution must demonstrate the constitutionality of a firearm restriction. It argued that Robinson, as an individual under 21-years old, was not part of "the people" whom the Second Amendment protects, and, further, that Robinson's proposed course of conduct was not protected by the plain text of the Second Amendment. In addition, the State argued that the challenged regulations are consistent with the historical tradition of firearms regulation.

{¶ 14} In this case, the "as-applied" constitutional challenge was squarely and properly before the trial court for determination pursuant to Robinson's motion to dismiss. Because the trial court declined to rule on the merits of Robinson's "as applied" arguments, Robinson's first assignment of error is found well-taken, and the matter will be remanded to the trial court for further proceedings consistent with this opinion.

{¶ 15} We note that in this case, as in *State v. Elam*, 2025-Ohio-1092 (6th Dist.), the trial court held no hearing, and, as a result, there is no evidence or stipulation of facts

5.

contained in the limited record on appeal. Although the parties appeared to agree that Robinson was under 21-years of age at the time of the alleged offense, there was no additional evidence going to the question of whether the disputed laws were unconstitutional only as applied to the defendant in this case. Because the parties did not provide sworn testimony or submit any stipulation of facts, and because the trial court entered no factual findings on the record, there simply isn't the necessary evidence to consider the appeal.

{¶ 16} Accordingly, we must reverse and remand the matter for both factual findings on the record and for findings on the merits of the as-applied challenge contained in Robinson's motion to dismiss.

{¶ 17} In light of our determination as to Robinson's first assignment of error, we find his second assignment of error, which challenges the trial court's decision on the merits, is rendered moot.

## 2. Third Assignment of Error

{¶ 18} Robinson argues in his third assignment of error that excluding 18-to-20-year-olds from the statutory definition of qualifying adult is in violation of both the Equal Protection Clause of the Fourteenth Amendment and the Ohio Constitution, Art. 1, § 2. This amounts to another challenge to the trial court's decision on the merits. Accordingly, we find that Robinson's third assignment of error, like his second, is rendered moot.

6.

## Conclusion

{¶ 19} The judgment of the Lucas County Court of Common Pleas is reversed and remanded for additional findings addressing the "as-applied" constitutional challenge that was raised Robinson's motion to dismiss. Appellee is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.          _____
                                           JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, J.          _____
CONCUR.                                    JUDGE

                              _____
                                           JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.