**[Cite as *State v. Hoessle*, 2025-Ohio-5565.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     25AP0007 |
|      Appellant | |
|      v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BENJAMIN M. HOESSLE | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
|      Appellee | CASE No.     2024 CRC-I 000309 |

DECISION AND JOURNAL ENTRY

Dated: December 15, 2025

---

STEVENSON, Judge.

**{¶1}** The State of Ohio appeals from the judgment of the Wayne County Court of Common Pleas granting Appellee, Benjamin Hoessle's, motion to dismiss on speedy trial grounds, arguing that the trial court did not consider the 14-day "last chance" provision of amended R.C. 2945.73(C)(2). This Court reverses and remands for proceedings consistent with this opinion

I.

**{¶2}** Mr. Hoessle was arrested on June 20, 2024, after the execution of a search warrant at his residence. He was charged by complaint on June 21, 2024, with one count of having weapons while under disability in violation of R.C. 2923.13(A)(3) and one count of aggravated possession of drugs (psilocybin) in violation of R.C. 2925.11(A), both felonies of the third degree. Mr. Hoessle was subsequently charged and indicted on three counts of aggravated trafficking in drugs (methamphetamine), in violation of R.C. 2925.03(A)(1), a felony of the second degree (Counts One, Three, Five); aggravated trafficking in drugs (methamphetamine) in violation of R.C.

2925.11(A), a felony of the second degree (Counts Two, Four, Six); one count of aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03(A)(2), a felony of the third degree, with a specification for forfeiture of a gun in a drug case pursuant to R.C. 2941.1417(A) (Count Seven); one count of aggravated possession of drugs (methamphetamine) pursuant to R.C. 2925.11(A), a felony of the third degree (Count Eight); one count of aggravated trafficking in drugs (psilocyn) in violation of R.C. 2925.03(A)(2), a felony of the fourth degree, with a specification for forfeiture of a gun in a drug case pursuant to R.C. 2941.1417(A) (Count Nine); one count of aggravated possession of drugs (psilocyn) in violation of R.C. 2925.11(A), a felony of the fifth degree (Count Ten); one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2), a felony of the fourth degree, with a specification for forfeiture of a gun in a drug case pursuant to R.C. 2941.1417(A) (Count Eleven); and one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fourth degree. Mr. Hoessle pleaded not guilty to the charges and the matter proceeded.

{¶3} Mr. Hoessle moved to dismiss for a speedy trial violation on January 23, 2025. The State did not respond in opposition. The trial court denied Mr. Hoessle's motion, finding 267 out of the allowable 270 days pursuant to R.C. 2945.71 were chargeable to the State and, therefore, there were no speedy trial violations. Neither party challenged the trial court's 267 day finding.

{¶4} Mr. Hoessle moved to continue the January 30, 2025 trial on the basis that the State failed to timely produce discovery. The trial court granted Mr. Hoessle's motion and held that speedy trial time would not be tolled as the delay was attributable to the State. Jury trial was rescheduled for February 10, 2025. The trial court also granted Mr. Hoessle's motion to compel, ordering the State to respond to discovery demands.

{¶5} Mr. Hoessle renewed his motion to dismiss on February 5, 2025. He again argued for a dismissal based on a violation of his right to a speedy trial under both the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, and R.C. 2945.71(C). The State responded in opposition.

{¶6} The State did not challenge the trial court's prior speedy trial calculations. The court had calculated speedy trial time and attributed tolling events in its journal entry denying Mr. Hoessle's first motion to dismiss and the State did not challenge these findings. Rather, the State argued that the 14-day period to bring a defendant to trial under R.C. 2945.73(C), as amended, applied and that the February 10, 2025, trial was "well within the fourteen-day period provided by law."

{¶7} The trial court found that 285 days were attributable to the State and it granted Mr. Hoessle's renewed motion to dismiss on speedy trial grounds but did not consider the State's claim that the new trial date was within the 14-day "last chance" provision of R.C. 2945.73(C)(2). The trial court did not address Mr. Hoessle's constitutional speedy trial violation claim. The State appeals the judgment of the trial court asserting one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BY DISMISSING MR. HOESSLE'S FELONY CASE DUE TO AN ALLEGED STATUTORY SPEED[Y] TRIAL VIOLATION, WHERE R.C. 2945.73(C)(2), WHICH WAS AMENDED EFFECTIVE APRIL 4, 2023, CREATED A FOURTEEN (14) DAY "LAST CHANCE" PERIOD FOR THE STATE TO BRING MR. HOESSLE TO TRIAL AND THAT 14-DAY PERIOD HAD NOT EXPIRED.**

{¶8} The State argues in its sole assignment of error that the trial court erred in granting Mr. Hoessle's renewed motion to dismiss because the 14-day period provided by R.C.

2945.73(C)(2) had not expired. For the reasons set forth below, this Court reverses and remands for proceedings consistent with this opinion.

{¶9} "Speedy trial issues present a mixed question of fact and law." *State v. McCain*, 2016-Ohio-4992, ¶ 8 (9th Dist.). "'In reviewing a trial court's determination of whether a defendant's right to a speedy trial was violated, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact.'" *State v. Gilbert*, 2016-Ohio-3209, ¶ 9 (9th Dist.), quoting *State v. Auterbridge*, 1998 WL 103348, *1 (9th Dist. Feb. 25, 1998), citing *United States v. Smith*, 94 F.3d 204, 208 (6th Cir. 1996) and *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996). Therefore, accepting facts if based on competent, credible evidence, this Court must freely review the application of the law to the facts. We must independently review whether the accused was deprived of his statutory right to a speedy trial, strictly construing the law against the State. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57 (1996) (courts are to "strictly construe the speedy trial statutes against the state").

{¶10} The right to a speedy trial by the State is guaranteed to a criminal defendant by the Sixth and Fourteenth Amendments to the United States Constitution. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). The same right is conferred to a criminal defendant by Ohio Const., art. I, § 10. *State v. O'Brien*, 34 Ohio St.3d 7, 8 (1967).

{¶11} "R.C. 2945.71 et seq. is an enforcement mechanism to make sure the constitutional right to a speedy trial is upheld." *State v. Hoang*, 2012-Ohio-3741, ¶ 7 (9th Dist.), citing *State v. Pachay*, 64 Ohio St.2d 218 (1980), syllabus. R.C. 2945.71 establishes the time limits in which a defendant must be brought to trial. R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending . . . [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) addresses time computation and provides that "each day

during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.72 addresses the circumstances that may extend "[t]he time within which an accused must be brought to trial[.]"

{¶12}  Prior to amendments in 2023, a trial court was required to immediately discharge a defendant upon motion for dismissal prior to or at the commencement of trial if he has not been brought to trial within the prescribed time. R.C. 2945.73(B). R.C. 2945.73(C) was amended effective April 4, 2023, and provides that:

> (1) a person charged with a felony, who is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code, is eligible for release from detention.  The court may release the person from any detention in connection with the charges pending trial and may impose any terms or conditions on the release that the court considers appropriate.
>
> (2) **Upon motion made at or before the commencement of trial, but not sooner than fourteen days before the day the person would become eligible for release pursuant to division (C)(1) of this section, the charges shall be dismissed with prejudice unless the person is brought to trial on those charges within fourteen days after the motion is filed and served on the prosecuting attorney.**  If no motion is filed, the charges shall be dismissed with prejudice unless the person is brought to trial on those charges within fourteen days after it is determined by the court that the time for trial required by sections 2945.71 and 2945.72 of the Revised Code has expired.  If it is determined by the court that the time for trial required by sections 2945.71 and 2945.72 of the Revised Code has expired, no additional charges arising from the same facts and circumstances as the original charges may be added during the fourteen-day period specified under this division.  The fourteen-day period specified under this division may be extended at the request of the accused on or account of the fault or misconduct of the accused.

(Emphasis added.)

{¶13}  In this case, the trial court granted Mr. Hoessle's motion to dismiss  pursuant to R.C. 2945.73. As outlined above, R.C. 2945.73(C)(2) provides that a defendant must be brought to trial within 14 days after his or her motion to dismiss on speedy trial grounds is filed and served upon the prosecutor if the defendant has not been brought to trial in the statutorily appropriate time. *Id*. Only if the defendant's case is not tried within that 14-day grace period are the defendant's

criminal charges to be dismissed with prejudice. *Id*. The 14-day grace period can be extended at the request of the accused or due to the fault or misconduct of the accused. *Id*.

{¶14} The State does not challenge the trial court's speedy trial 270-day calculations on appeal and accordingly we will accept those calculations as accurate. It acknowledges "the trial court re-scheduled the jury trial for February 10, 2025, [which was] beyond the 270-day statutory speedy trial deadline[.]"

{¶15} The trial court cited R.C. 2945.71 in its journal entry and noted that "the State has 270 days to bring the Defendant to trial." It found "the days attributable to the State are 285" and that, because Mr. Hoessle was not brought to trial within 270 days, his renewed motion to dismiss "on statutory speedy trial grounds pursuant to RC 2945.71(C)(2) [was] well-taken" and was granted. Although the State had argued the applicability of the 14-day "last chance" provision of R.C. 2945.73(C)(2), the trial court did not address this argument or the statutory provision.

{¶16} The State's sole argument on appeal is that the 14-day "last chance" period provided by R.C. 2945.73(C)(2) had not expired and the trial court erred when it granted Mr. Hoessle's renewed motion to dismiss on speedy trial grounds. The State shows that Mr. Hoessle's renewed motion to dismiss was filed on February 5, 2025, and that trial was scheduled for February 10, 2025, which was clearly within 14-days. Mr. Hoessle has not addressed the 14-day "last chance" period. He argues that he was prejudiced by the State's failure to timely produce discovery and he suggests that the February 10, 2025, trial would not have gone forward as scheduled due to discovery issues. The trial court made no findings as to whether discovery issues would have impacted the February 10, 2025, trial date.

{¶17} The trial court did not address the State's 14-day "last chance" under R.C. 2945.73(C)(2) argument. Instead, it solely focused on the requirement that the State bring a

defendant to trial within 270 days under R.C. 2945.71(C)(2). The February 10, 2025, trial date was within 14 days of the filing of the motion to dismiss. The trial court erred by not considering the effect of R.C. 2945.73(C)(2)'s "last chance" provision when the scheduled trial date fell within that provision. While there may have been discovery issues that affected the trial on that date, the trial court did not make any findings regarding that issue. While it appears that the trial date was within the 14-day last chance provision, we will not determine whether the motion should have been granted in the first instance. This Court is a reviewing court and it is our role on appeal "'to review the trial court's decision and determine whether it is supported by the record.'" *Carriage Ins. Agency, Inc. v. Ohio Farmers Ins. Co.*, 2015-Ohio-2617, ¶12 (9th Dist.), quoting *Allen v. Bennett*, 2007-Ohio-5411, ¶ 21 (9th Dist.). "'Because this Court acts as a reviewing court, it should not consider for the first time on appeal issues that the trial court did not decide.'" *Id.,* quoting *Allen* at ¶ 21. "'If this Court were to reach issues that had not been addressed by the trial court in the first instance, it would be usurping the role of the trial court and exceeding its authority on appeal.'" *Id.*, quoting *Allen* at ¶ 21.

{¶18} Accordingly, it is appropriate to reverse the trial court and remand the matter so that the trial court may consider the application of R.C. 2945.73(C)(2) to the facts of this case so that we may properly function as a court of review. *See In re Adoption of M.E.W.*, 2024-Ohio-234, ¶ 7 (9th Dist.).

{¶19} The State's sole assignment of error is sustained.

III.

{¶20} In light of the foregoing, we reverse the decision of the Wayne County Court of Common Pleas and remand for further proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANGELA WYPASEK, Prosecuting Attorney, and JOSEPH SALZGEBER, Assistant Prosecuting Attorney, for Appellant.

WESLEY A. JOHNSTON, Attorney at Law, for Appellee.