[Cite as *State v. Robinson*, 2026-Ohio-217.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

       Appellee

v.

Corey Robinson

       Appellant

Court of Appeals No. L-25-00023,
L-25-00024

Trial Court No. CR0202401980,
CR0202402117

**DECISION AND JUDGMENT**

Decided: January 23, 2026

* * * * *

Julia R. Bates, Prosecuting Attorney and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee

Laurel A. Kendall, for appellant

* * * * *

**SULEK, J.**

{¶ 1} In this consolidated appeal, appellant Corey Robinson appeals the judgments of the Lucas County Court of Common Pleas, which convicted him, following guilty pleas, of one count of improperly handling firearms in a motor vehicle and one count of carrying concealed weapons. Robinson states that the trial court erred when it denied his motions to dismiss the indictments, in which he argued that the criminal statutes were unconstitutional as applied to him. For the reasons that follow, the trial court's judgments are reversed, and the matters are remanded for further proceedings.

## I. Factual Background and Procedural History

{¶ 2}   This appeal involves two separate cases that were not consolidated in the trial court.  Those two cases proceeded together with a third case involving Robinson that had resulted in a conviction for similar conduct.

{¶ 3}   By way of background, in case No. CR-2023-02350—which is not part of this appeal—the Lucas County Grand Jury indicted Robinson on one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2) and (F)(1) and 2923.111(A), and one count of improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(B) and (I) and 2923.111(A).  Both counts were felonies of the fourth degree.

{¶ 4}   Robinson moved to dismiss the charges on the theory that R.C. 2923.111 was unconstitutional as applied to him.  That section provides that a "qualifying adult" "shall not be required to obtain a concealed handgun license in order to carry in this state . . . a concealed handgun that is not a restricted firearm," and "may carry a concealed handgun that is not a restricted firearm anywhere in this state in which a person who has been issued a concealed handgun license may carry a concealed handgun."  R.C. 2923.111(B)(1) and (2).  It further defines a "qualifying adult" as a person who is, among other things, "[t]wenty-one years of age or older."  R.C. 2923.111(A)(2)(a).  It was undisputed that Robinson was 19 years old at the time of his alleged offense.  The State opposed the motion to dismiss, arguing that the regulation of possession of firearms by 19-year-olds is consistent with the Second Amendment and the nation's history and tradition.

2.

**{¶ 5}** On May 16, 2024, the trial court denied Robinson's motion to dismiss, finding that it could not review the issue at that stage of the proceeding.

**{¶ 6}** After the denial of his motion to dismiss, Robinson pleaded guilty to one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (F)(1) and 2923.111, a felony of the fourth degree. In exchange for his plea, the State dismissed the count of improper handling of a firearm in a motor vehicle. The trial court accepted Robinson's plea and immediately sentenced him to serve two years on community control.

**{¶ 7}** Robinson appealed his judgment of conviction in case No. CR-2023-02350, arguing that the trial court erred when it denied his motion to dismiss.

**{¶ 8}** While Robinson's appeal was pending, on July 15, 2024, the Lucas County Grand Jury indicted Robinson in case No. CR-2024-01980 on one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) and (I) and 2923.111(A), a felony of the fourth degree. The indictment was based on conduct that allegedly occurred on July 3, 2024. This triggered a notice of community control violation in case No. CR-2023-02350.

**{¶ 9}** On July 30, 2024, Robinson moved to dismiss the indictment in case No. CR-2024-01980, arguing that R.C. 2923.111 was unconstitutional as applied to him. On August 13, 2024, the trial court denied Robinson's motion. Both Robinson's motion and the trial court's judgment were functionally identical to those in case No. CR-2023-02350.

3.

{¶ 10} Separately, on August 8, 2024, the Lucas County Grand Jury indicted Robinson in case No. CR-2024-02117 on one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2) and (F)(1) and 2923.111(A), a felony of the fourth degree. Although indicted after case No. CR-2024-01980, case No. CR-2024-02117 involved conduct that allegedly occurred earlier in time on May 30, 2024. Notably, the factual basis for the offense happened in the early morning hours of May 30, 2024, before Robinson's plea and sentence in case No. CR-2023-02350, thus he was not yet on community control at the time of this alleged offense.

{¶ 11} On August 22, 2024, Robinson moved to dismiss the indictment in case No. CR-2024-02117. Again, Robinson's motion was nearly identical to his motions in case Nos. CR-2023-02350 and CR-2024-01980. The trial court denied Robinson's motion to dismiss on September 23, 2024, stating that it was "adopting and incorporating" the rationale it relied upon in case No. CR-2023-02350.

{¶ 12} On November 7, 2024, Robinson entered guilty pleas in case Nos. CR-2024-01980 and CR-2024-02117 to the indicted charges.

{¶ 13} The three cases came before the trial court on January 2, 2025. At the hearing, Robinson admitted to the community control violation in case No. CR-2023-02350. On that case, the trial court sentenced him to remain on community control and extended his period of supervision to January 2, 2027. In case Nos. CR-2024-01980 and CR-2024-02117, the trial court similarly sentenced Robinson to two years of community control ending on January 2, 2027.

4.

{¶ 14} Robinson timely filed his notices of appeal in case Nos. CR-2024-01980 and CR-2024-02117. On February 5, 2025, this court consolidated the two cases into the present appeal.

{¶ 15} While the current appeal was pending, on April 22, 2025, this court entered its decision reversing the judgment of the trial court in case No. CR-2023-02350 and remanding the matter for the trial court to conduct a hearing and decide Robinson's motion to dismiss. *State v. Robinson*, 2025-Ohio-1431, ¶ 14-16 (6th Dist.). This court reasoned that "the 'as-applied' constitutional challenge was squarely and properly before the trial court for determination pursuant to Robinson's motion to dismiss." *Id.* at ¶ 14. Further, this court noted that "[b]ecause the parties did not provide sworn testimony or submit any stipulation of facts, and because the trial court entered no factual findings on the record, there simply isn't the necessary evidence to consider the appeal." *Id.* at ¶ 15. Finally, this court determined that because the matter must be remanded for the trial court to rule on the merits of Robinson's motion to dismiss, his assignments of error challenging the constitutionality of R.C. 2923.111 were moot. *Id.* at ¶ 17-18.

{¶ 16} Upon remand in case No. CR-2023-02350, the trial court stayed the proceedings pending this court's decision in the current appeal.

## II. Assignments of Error

{¶ 17} Robinson presents two assignments of error for review:

1. The trial court committed plain error, or in the alternative, abused its discretion, when it denied Appellant's Motion to Dismiss without considering the merits of the argument.

5.

2.  The age provision of R.C. 2923.111 is arguably unconstitutional
    as to Appellant, based on *Bruen*.

### III. Analysis

{¶ 18} In his first assignment of error, Robinson argues that the trial court erred when it declined to rule on the merits of his motions to dismiss.  He contends that the motions were squarely and properly before the trial court and that this court should reverse and remand the matters to the trial court for the same reasons that were articulated in *State v. Robinson*, 2025-Ohio-1431, ¶ 14-16 (6th Dist.).  Alternatively, in his second assignment of error, Robinson argues that this court should decide the ultimate constitutional question and determine that R.C. 2923.111 is unconstitutional as applied to him.  According to Robinson, only the fact of his age is relevant to the constitutional issue, and that fact is not in dispute and is easily determined from the record, which contains his date of birth.  Further, to the extent that his prior conviction for carrying a concealed weapon in case No. CR-2023-02350 is relevant, Robinson asserts that his conviction is a matter of public record available to this court.

{¶ 19} For its part, the State argues that the trial court's denial of Robinson's motion to dismiss should not be reversed if it does not result in prejudice, and it maintains that the denial is not prejudicial because the restrictions on carrying firearms are constitutional as applied to Robinson.  Further, it agrees with Robinson that the necessary facts are undisputed and in the record, and, therefore, likewise invites this court to decide the constitutional issue presented in these cases.

6.

**{¶ 20}** Consistent with *Robinson*, this court holds that the "as-applied" constitutional challenges were squarely and properly before the trial court for determination pursuant to Robinson's motions to dismiss. *Id.* at ¶ 14. As stated in that case,

> "'Crim.R. 12 empowers trial courts to rule on "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue."'" *State v. Latham*, 2025-Ohio-495, ¶ 19 (6th Dist.), quoting *State v. Palmer*, 2012-Ohio-580, ¶ 22, quoting Crim.R. 12(C). "In considering dismissal, courts may consider "'evidence beyond the face of the indictment."'" *Id.*, quoting *Palmer* at ¶ 22, quoting *State v. Brady*, 2008-Ohio-4493, ¶ 18. "Dismissal is proper if there is 'no set of circumstances' in which the defendant can violate the law's requirements, or if an 'indictment depends on the unconstitutional application of the law.'" *Id.*, quoting *Palmer* at ¶ 23.

*Robinson* at ¶ 9.

**{¶ 21}** Because the trial court erroneously declined to rule on the merits of Robinson's "as applied" arguments, Robinson's first assignment of error is well-taken. *Id.* at ¶ 14.

**{¶ 22}** Furthermore, "[b]ecause this Court acts as a reviewing court, it should not consider for the first time on appeal issues that the trial court did not decide." *State v. Hoessle*, 2025-Ohio-5565, ¶ 17 (9th Dist.), quoting *Carriage Ins. Agency, Inc. v. Ohio Farmers Ins. Co.*, 2015-Ohio-2617, ¶ 12 (9th Dist.). "If this court were to reach issues that had not been addressed by the trial court in the first instance, it would be usurping the role of the trial court . . .." *Id.*, quoting *Carriage Ins.* at ¶ 12; *Iron Horse Bar and Grill, LLC v. GGJ Triune, PLL*, 2024-Ohio-284, ¶ 39 (6th Dist.).

7.

**{¶ 23}** Accordingly, like in *Robinson*, this court does not reach the merits of Robinson's constitutional arguments presented in his second assignment of error, as that assignment of error has been rendered moot.

### IV. Conclusion

**{¶ 24}** For the foregoing reasons, the judgments of the Lucas County Court of Common Pleas are reversed. The matters are remanded to the trial court to determine the merits of Robinson's "as-applied" constitutional challenges that were raised in his motions to dismiss.

**{¶ 25}** The State is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments reversed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle
JUDGE

Gene A. Zmuda
JUDGE

Charles Sulek
CONCUR.
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.